1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   CRICETT D. MILBURN,            )   NO. EDCV 04-00339-MAN
                                    )
12              Plaintiff,          )
         v.                         )   MEMORANDUM OPINION AND ORDER
13                                  )
                                    )
14   JO ANNE B. BARNHART,           )
     Commissioner of the           )
15   Social Security Administration,)
                                    )
16              Defendant.          )
     _____)

17

18        Plaintiff filed a Complaint on March 25, 2004, seeking review of

19   the denial by the Social Security Commissioner ("Commissioner") of

20   Plaintiff's claim for supplemental security income benefits ("SSI").  On

21   June 2, 2004, the parties filed a "Consent to Proceed Before a United

22   States Magistrate Judge," pursuant to 28 U.S.C. § 636.  The parties

23   filed a Joint Stipulation on February 8, 2005, in which:  Plaintiff

24   seeks an order reversing the Commissioner's decision denying benefits

25   and remanding for the payment of benefits or, alternatively, remanding

26   the case to the Commissioner for a new hearing; and Defendant requests

27   that the Commissioner's decision be affirmed.  The Court has taken the

28   parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for SSI on January 16, 2003. (Administrative Record ("A.R.") 60-63.) Plaintiff claims to have been disabled since January 1, 2000, due to polysubstance abuse and a depressive disorder. (A.R. 41, 60.) Plaintiff has no past relevant work experience. (A.R. 14.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration. (A.R. 41-51.) On October 17, 2003, Plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge F. Keith Varni ("ALJ"), along with vocational expert Joseph Mooney. (A.R. 22-40.) In a November 28, 2003 decision, the ALJ found that Plaintiff was not disabled, and the Appeals Council subsequently denied Plaintiff's request for review of that decision. (A.R. 10-14, 4-5.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his November 28, 2003 decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision. (A.R. 12-13.) He found that Plaintiff is a "younger individual," pursuant to 20 C.F.R. § 416.963, and has a tenth grade, "limited" education, pursuant to 20 C.F.R. § 416.964. (A.R. 14.) He found that Plaintiff has "severe" impairments, consisting of a long history of polysubstance abuse and a depressive disorder, but she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No.

2

4.   (A.R. 13-14.)   The ALJ found that Plaintiff had the following residual functional capacity:

> [Plaintiff] has the physical residual functional capacity for work at all exertional levels, up to and including heavy work. She has sufficient mental residual functional capacity for routine and repetitive, entry-level, minimally stressful work requiring no contact with the general public and only superficial interpersonal contact.

(A.R. 14.)  The ALJ found that Plaintiff's subjective complaints "do not credibly establish a residual functional capacity less than that found herein." (*Id.*)  Using Medical-Vocational Guideline Rule 204.00 as a framework, Plaintiff was not "disabled."[1]  (*Id.*)  Furthermore, the ALJ noted the testimony of the vocational expert, who found that Plaintiff could perform other jobs in the national economy, such as an assembler, packager, sorter, and cleaner/housecleaner.  (A.R. 13.)  Thus, the ALJ

---

[1] Rule 204.00 provides that:

The residual functional capacity to perform heavy work or very heavy work includes the functional capability for jobs in the national economy at all skill and physical demand levels. Individuals who retain the functional capacity to perform heavy work (or very heavy work) ordinarily will not have a severe impairment or will be able to do their past work -- either of which would have already provided a basis for a decision of "not disabled."  Environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work).  Thus an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.

20 C.F.R. Pt. 200, App. 2.

3

1    concluded that Plaintiff was not disabled.   (A.R. 14.)

2

3                           **STANDARD OF REVIEW**

4

5          This Court reviews the Commissioner's decision to determine
6    whether it is free from legal error and supported by substantial
7    evidence.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).  The
8    Commissioner's decision must stand if it is supported by substantial
9    evidence and applies the appropriate legal standards.  <u>Saelee v. Chater</u>,
10   94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is "more than a
11   mere scintilla but less than a preponderance -- it is such relevant
12   evidence that a reasonable mind might accept as adequate to support the
13   conclusion."  <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995).

14

15         Although this Court cannot substitute its discretion for that of
16   the Commissioner, this Court nonetheless must review the record as a
17   whole, "weighing both the evidence that supports and the evidence that
18   detracts from the [Commissioner's] conclusion."  <u>Desrosiers v. Secretary</u>
19   <u>of Health and Human Serv.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also*
20   <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is
21   responsible for determining credibility, resolving conflicts in medical
22   testimony, and for resolving ambiguities."  <u>Andrews v. Shalala</u>, 53 F.3d
23   1035, 1039-40 (9th Cir. 1995).  This Court must uphold the
24   Commissioner's decision if it is supported by substantial evidence and
25   free from legal error, even when the record reasonably supports more
26   than one rational interpretation of the evidence.  *Id*. at 1041; *see also*
27   <u>Morgan v. Commissioner of the Social Security Administration</u>, 169 F.3d
28   595, 599 (9th Cir. 1999); <u>Flaten v. Secretary</u>, 44 F.3d 1453, 1457 (9th

                                     4

Cir. 1995).

**DISCUSSION**

Plaintiff alleges two disputed issues.  <u>First</u>, Plaintiff contends that the ALJ improperly found that the opinion of Dr. Thuy Huynh Nguyen, Plaintiff's treating psychiatrist, was biased in favor of helping Plaintiff obtain disability benefits.  <u>Second</u>, Plaintiff contends that the ALJ failed to properly consider Dr. Nguyen's opinion. (Joint Stip. at 3.)

**A.   <u>The ALJ Improperly Rejected The Opinion Of Dr. Nguyen, Plaintiff's Treating Psychiatrist</u>.**

Ordinarily, the opinions of a treating physician should be given great weight, if not controlling weight.  *See* Social Security Ruling 96-2p; *see also* <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (opinions of treating physicians are entitled to great deference).  When the ALJ rejects the opinion of a treating physician, even if it is contradicted, the ALJ may reject that opinion only by providing specific and legitimate reasons for doing so, supported by substantial evidence in the record.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995); *see also* <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998)(ALJ erred by rejecting the treating doctors' opinions and relying upon Social Security examiners' opinions in finding that claimant's chronic fatigue syndrome had not rendered her disabled).  Broad and vague reasons will not suffice for rejecting the treating physician's opinion. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989).

In an April 23, 2003 Work Capacity Evaluation (Mental), Dr. Thuy Huynh Nguyen, Plaintiff's treating psychiatrist, found that Plaintiff had: (1) "moderate" limitations in the ability "to understand and remember very short and simple instructions," "carry out very short and simple instructions," "get along with co-workers or peers without distracting them or exhibiting behavioral extremes," and "set realistic goals or make plans independently of others"; (2) "marked" limitations in the ability "to remember locations and work-like procedures," "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; and (3) "extreme" limitations in the ability "to maintain attention and concentration for extended periods," "work in coordination with or in proximity to others without being distracted by them," "interact appropriate with the general public," "accept instructions and respond appropriately to criticism form supervisors," and "respond appropriately to changes in the work setting." (A.R. 206-07.) Dr. Nguyen also opined that Plaintiff's impairments or treatments would cause her to be absent three or more days per month. (A.R. 207.)

In addressing Dr. Nguyen's above opinion, Dr. Nguyen, the ALJ stated:

> I have considered but give less probative weight to the mental residual functional capacity assessed by Thuy Hunh Nguyen, MD, (Exh. 12F), than to the assessment of the State Agency Board-certified psychiatrists (Exhs. 6F, 8F, 9F). The California Medical Board website reflects that Dr. Nguyen attended the American University of the Carribean School of Medicine but

attempts to locate his Board certification, if any, proved
unavailing.  It is obvious that his questionnaire responses
simply parrot what [Plaintiff] told him and there is no
indication that the form represents Dr. Nguyen's independent
judgment rather than an egregiously accommodative form to
please [Plaintiff] by repeating all of her allegations.

(A.R. 12.)

Plaintiff contends that the ALJ improperly rejected Dr. Nguyen's
opinion regarding Plaintiff's mental residual functional capacity, which
"clearly indicated that the Plaintiff would not be able to work."
Plaintiff further contends that, rather than reject the responses
because they were not based on Dr. Nguyen's "independent judgment," the
ALJ should have made an attempt to clarify the record, to the extent
that he was concerned as to the bases of the responses in the
questionnaire.  (Joint Stip. at 4.)

Defendant maintains that the ALJ "reasonably inferred" that Dr.
Nguyen's assessment was not entirely objectively independent, and that
the doctor was mostly repeating what Plaintiff claimed.  Defendant
further contends that the ALJ properly relied on the assessments of two
state agency physicians, Dr. Robert Paxton and Dr. David Gross, and that
such assessments constitute substantial evidence upon which the ALJ
based his mental residual functional capacity finding.  (Joint Stip. at
6.)

The record shows that Dr. Nguyen treated Plaintiff numerous times

7

from November 2002, until April 24, 2003, the date on which he completed his Work Capacity Evaluation (Mental); additionally, he continued treating her through at least August 2003. (See A.R. 137-42, 164-66, 186-89.) Thus, while the Work Capacity Evaluation is a check-off form, with little room for explanation of the bases of Dr. Nguyen's evaluations,[2] Dr. Nguyen's judgments, as set forth in the form, should be viewed within the context of his treating relationship with Plaintiff since late 2002. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)(treating physician's opinion is given greater weight, because he is employed to cure and has a greater opportunity to know and observe the patient as an individual). In particular, Dr. Nguyen's progress notes pre-dating his April 24, 2003 evaluation reflect his own observations of Plaintiff and indicate that she was experiencing significant symptoms, including hallucinations, anxiety, paranoia, depression, and hypomania/mania. (*See* A.R. 142 -- January 22, 2003 progress notes stating that "all three psychiatrists have [diagnosed] her as bipolar," and Plaintiff was prescribed Seroquel for auditory hallucinations and paranoia, Wellbutrin for depression, and Neurontin for mood stabilization; 164-65 -- April 22, 2003 progress notes stating that Plaintiff's speech was pressured and she exhibited hypomanic/manic symptoms.)

     The record shows that Dr. Nguyen's opinions in the April 24, 2003

---

[2]    Although Dr. Nguyen made several handwritten notations on the form indicating that some of the notations were "per" Plaintiff (who completed the form "together" with Dr. Nguyen), this form does not effectively provide any space for the physician filling it out to set forth explanations for his opinions in each category. *See* Lester, 81 F.3d at 832-33 ("The Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments.")

Work Capacity Evaluation (Mental) were consistent with the independent judgments he formed during his numerous opportunities to question and evaluate Plaintiff's mental limitations.  Therefore, the ALJ's reasons for rejecting Dr. Nguyen's opinions -- namely, that they do not represent Dr. Nguyen's "independent judgment" and merely "repeat[ed] all of [Plaintiff's] allegations" -- are not specific or legitimate.  *See* Lester, 81 F.3d 81 F.3d at 832 (noting that the ALJ's rejection of the claimant's treating and examining sources, based in part on the "unwarranted speculation that [the claimant's treating] doctors were misrepresenting the claimant's condition or were not qualified to evaluate it," was an improper ground for rejecting such opinions). While it is true that a treating physician's opinion premised on the claimant's own subjective complaints (rather than independent clinical findings) may be rejected when the ALJ already has properly discounted such subjective complaints (*see, e.g.,* Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)), that rule is inapplicable here.  Dr. Nguyen's progress notes spanning the period from late 2002 through August 2003 belie the conclusion that his opinions as to Plaintiff's status were based *only* on her subjective complaints.  Moreover, while the parties have not raised as an issue the correctness of the ALJ's finding as to Plaintiff's credibility, the Court cannot say that the ALJ "properly discounted" (Fair, *supra*) each of subjective complaints Plaintiff may have made to Dr. Nguyen and which he may have considered.  The mere fact that a physician has considered a claimant's subjective reports in forming his medical opinion, in and of itself, does not constitute a legitimate basis for discrediting that physician's opinion.

Furthermore, and finally, to the extent that the ALJ rejected Dr.

Nguyen's opinion because, as the ALJ stated, his "attempts to locate [Dr. Nguyen's] board certification, if any, proved unavailing," such "absent" board certification is not a sufficient reason to discredit Dr. Nguyen's opinion.    While a physician may be board certified in a specific medical field, it is only necessary that a physician be "licensed" in order to be an "acceptable" medical source.  *See* 20 C.F.R. § 404.1513(a).

     For these reasons, the Court concludes that the ALJ improperly rejected the opinions set forth in Dr. Nguyen's Work Capacity Evaluation (Mental) based on legally inadequate reasons.    Accordingly, reversible error occurred.

**B.    Remand For An Award Of Benefits Is Appropriate.**

     When the Court has found that evidence, such as physician opinion and/or claimant testimony, has been improperly rejected by the ALJ based on inadequate reasons, the evidence should be credited and an immediate award of benefits directed, rather than a remand for further proceedings, when: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Benecke v. McCarthy, 379 F.3d 587, 593 (9th Cir. 2004); *see also* Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000); Smolen, 80 F.3d at 1292.

     The first element is satisfied in this case given, for the reasons

10

set forth above, that the ALJ improperly rejected the opinion of Dr. Nguyen.  Significantly, even if there were evidence of record "upon which the ALJ legitimately could have rejected" the opinion of Dr. Nguyen, it would not matter, for, if the above test is met, remand for payment of benefits "is warranted regardless of whether the ALJ *might* have articulated" such a justification.  <u>Harman</u>, 211 F.3d at 1178-79.  *See also* <u>Benecke</u>, 379 F.3d at 593 (when the test is met, remand is not warranted in order to allow the ALJ to make specific findings regarding a claimant's subjective symptom testimony).  When the first element is met, the Court must credit the subject evidence as true.  *Id.* at 593-94; <u>Lester</u>, 81 F.3d at 834.

Thus, crediting the rejected opinion of Dr. Nguyen as "true," the next questions are:  whether there are any outstanding issues that must be resolved before a determination of disability can be made; and whether it is clear from the record that the ALJ would be required to find Plaintiff disabled had he properly credited such evidence.  <u>Benecke</u>, 379 F.3d at 594.  Here, the vocational expert testified that a claimant with the limitations found by Dr. Nguyen in the Work Capacity Evaluation (Mental) would be unemployable.  (A.R. 37.)

Thus, the rejected opinion of Dr. Nguyen, if credited, established that Plaintiff is disabled.  As a vocational expert has testified about the effect of Dr. Nguyen's opinions, had they been properly credited, on the disability question, there are no outstanding issues that must be

11

resolved before a determination of disability can be made.[3]  <u>Harman</u>, 211
F.3d at 1180 (collecting Ninth Circuit cases in which a remand for
payment of benefits, based on the improper rejection of medical
testimony, was appropriate, because there was testimony from a
vocational expert that the limitations found in the rejected opinion
would render the claimant unable to engage in any work).  Hence, the
second and third factors of the above test are satisfied and a remand
for an award of benefits is appropriate.

    As the Ninth Circuit has repeatedly observed, when a remand for
further administrative proceedings would serve no purpose, the Court
instead should remand for an award and payment of benefits.  *See, e.g.,*
<u>Benecke</u>, 379 F.3d at 593; <u>Lester</u>, 81 F.3d at 834.  That observation
governs here.  As the above-described test has been satisfied, this case
should be remanded for an award of benefits.

### CONCLUSION

    Accordingly, for the reasons stated above, IT IS ORDERED that the
Commissioner's decision denying benefits is REVERSED, and this case is
REMANDED for an award of benefits, consistent with this Memorandum
Opinion and Order.  Judgment shall be entered reversing the decision of
the Commissioner, and remanding the matter for such an award and any
further necessary administrative action, consistent with this Memorandum
Opinion and Order.

---

    [3]    As this physician opinion is sufficient for a disability
finding for the reasons discussed *infra*, the Court need not additionally
determine whether, if Plaintiff's testimony found not credible were to
be credited, she would be found disabled.

12

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 29, 2006.


                                        /s/
                                MARGARET A. NAGLE
                        UNITED STATES MAGISTRATE JUDGE

13